Christian, J.,
delivered the opinion of the court.
These two cases were heard together, and both are before us on appeal from a decree of the circuit court of the city of Richmond overruling a demurrer to each bill.
The grounds on which the appellants claim .that said demurrers should have been sustained are in part applicable severally to said bills, and are, in part, applicable to both bills.
1. Grounds applicable to the hill in the suit of John E. and Marcus Cogbill:
That it appears from the policies of insurance which are filed as exhibits, and are specially made parts of the bill, that said policies were issued for the benefit, respectively, of the wives of John E. Coghill and Marcus Cog-hill, and that the said John E. Cogbill had no pecuniary interest whatever in the policy on his life, and that the said Marcus Cogbill had no interest ivhatever in the policy on his life; and yet these policies are the sole subject of the suit brought by John E. and Marcus Cogbill. If any one has the right to recover on account of these policies from your petitioner the right to such recovery was in the wives of the said John E. and Marcus Cogbill.
2. Grounds of demurrer to the bill in the suit of Dupuy:
The commonwealth of Virginia is made a party defendant to this bill. A state cannot be sued. There is *75 no law of Virginia authorizing this state to he sued in any court. Jurisdiction of this suit by the circuit court of Richmond could not be acquired by naming the commonwealth of Virginia a party defendant.
3. Grounds of demurrer common to both bills:
The object of these suits is to subject the deposit made by this company with the treasurer of Virginia, under the provisions of section 28 of chapter 3G, p. 367 of the Code of 1873. Jurisdiction is claimed for the circuit court of the city of Richmond under section 7, chapter 44, p. 417.
It will be seen by reference to this last act, that it is provided that all suits shall be brought in the circuit court of the city of Richmond in which it may be necessary or proper to make any of the following public officers a party defendant as representing the commonwealth, viz: the treasurer, &c.
It is not enough that the treasurer may be a proper party, but he must be a party “ as representing the commonwealth
The 4th and principal ground of demurrer is, that the deposit required by law to be made by foreign insurance companies with the treasurer of this commonwealth, is not subject to the claims set up by the plaintiffs, but is a fund specially dedicated to the payment of death losses, and none other.
The cases are therefore before us, only upon the points suggested by the demurrers, and the merits of the controversy are not to be at all considered.
In passing upon these demurrers, this court, as did the court below, must of course consider all the averments contained in the bills as true, and admitted to be true.
1. As to the first ground of demurrer, to-wit: that the Wjfves of John R. and Marcus Cogbill ought to have been made parties plaintiffs, because the policies of insurance filed as exhibits were issued for their benefit, the *76 court 3s of opinion that this was no good ground of demurrer. The object of the bill filed by these parties, was upon the alleged and (by the demurrer) admitted, insolvency of the Universal Life Insurance Company, to recover back the premiums, or such portion thereof as-they were entitled to recover, which they had paid up to-the 15th day of July, 1877, the date of the alleged insolvency. These premiums were paid by John E. and Marcus Cogbill, and in such a claim by them for repayment of their premiums by the company, they alone are interested. In this demand their wives had no interest. Indeed, the wives of these parties had, under the contract of insurance, no claim or demand upon the company until after the death of the insured, as is shown by the contract of insurance, which is as follows:
This policy of insurance witnesseth, That the Universal Life Insurance Company, in consideration of the representations made to said company in the application here-for and of the sum of eleven dollars and sixty-six cents, lawful money of the United States, first in hand paid by John E. Cogbill, and of tbe payment of a like amount on or before the 31st days of January and July, in every year, during the continuance of this policy, at the office-of said company in the city of Yew York, or to their agents, as hereinafter provided, do hereby promise and agree to pay to Mary TL, wife of John E. Cogbill, tne assured under this policy, her heirs, executors or assigns, at their office aforesaid, the sum of fifteen hundred dollars, lawful money of the United States (the balance of the current year’s premium, if any, being first deducted therefrom), in thirty days after due notice and satisfactory proof of the death of John E. Cogbill, of Manchester, in the county of Chesterfield and state of Virginia, whereupon this policy shall cease and determine.
The premiums under this contract were to be paid, and were actually paid, in each case, by the assured, and *77 be alone had a right to demand repayment. The wife could make no demand against the company till after the death of the husband, and she was, therefore, a necessary or proper party.
2. The second ground of demurrer insisted upon, applies to the bill of Dupuy only, which is, that the commonwealth of Virginia is made a party defendant, and that no suit can be brought against the commonwealth without her consent. It is true that in this bill the plaintiff “[¡rays that the commonwealth of Virginia, the said Universal Life Insurance Company, and R. M. T. Hunter, treasurer of Virginia, may be made parties defendant hereto, and duly summoned to answer the same.” And it is also true, that the commonwealth of Virginia cannot be sued without her consent. Rut the fact that a party who cannot be sued, and against whom no decree can be rendered or enforced, is joined with other parties who are proper parties, and against whom the decreé of the court can and ought to be enforced, is no ground for sustaining a demurrer to. the bill. As to such party, the plaintiff may dismiss his bill and assert his claim or demand against the other parties who are the proper and real parties defendant.
3. The third ground of demurrer applies to both bills. It is founded upon an objection to the j urisdiction of the ■court. It is insisted that the circuit court of the city of Richmond has no jurisdiction in chancery causes, except that which is specially conferred by statute; that such jurisdiction can only be claimed under the 7th section of chapter 44, Code of 1873, and that this provision of the statute does not confer jurisdiction in the cases now under consideration. The section referred to provides that “ there shall be brought and prosecuted, in the circuit court of the city of Richmond all suits in which it may be necessary or proper to make any of the following public officers a party defendant, as representing the *78 commonwealth, to-wit: the governor, attorney-general, treasurer, &c., &c. .It is insisted that it is not sufficient that the treasurer he a proper part}-, but he must be a part;/ representing the commonwealth, and that as the eust0j-mn ()f fpe deposits required by statute to be made by foreign insurance companies with the treasurer, he does A & ,, * ... . . . ’ not represent the commonwealth, but is simply a trustee rePl’esenting the company on the one hand, who owns the deposit, and the policy-holders, on the other hand, who are secured by the deposit. The court is of opinion that this objection to the jurisdiction is not well taken. The defendant, K. M. T. Hunter, who happens to fill the office of treasurer at the time of the institution of this suit, is not merely a trustee holding these deposits for the company and the policy-holders, but he holds them as treasurer of the commonwealth, designated by the commonwealth as the custodian to whose charge the commonwealth has committed these deposits lor the benefit of her citizens. .As such custodian, the treasurer represents the commonwealth, as one of her important and trusted officers, to whom he is responsible for the faithful discharge of this duty, as well as all other duties which the laws impose on him. The learned counsel for the appellant argues that the treasurer represents only the company and the policy-holder, that he cannot represent the commonwealth because the commonwealth has no interest in the matter, in any way whatsoever. This is a great mistake. It is true that the state has no pecuniary interest, but she has an interest, and a very deep interest, which may be represented by one of her public officers. The statute gives jurisdiction to the circuit court, not only in cases where the state has a pecuniary interest, but in every case where certain public officers therein named (and among them the treasurer), representing the commonwealth, are necessary and proper parties. The interest which the commonwealth has in *79 cases like these, and which is represented by one of her public officers, is demonstrated by numerous enactments upon her statute books, for the protection of her who may insure their lives or property in foreign insuranee companies. Among these enactments is one requiring them to deposit with her treasurer, whom she has designated as a sate and responsible custodian, at least ten thousand dollars of certain securities, to meet the claims and demands of her citizens against such foreign insurance companies. In this respect the.treasurer of the commonwealth conies within the categoiy of the statute as a public officer representing the commonwealth. Another obvious reason for giving jurisdiction alone to the circuit court of the city of Richmond, where certain public officers representing this commonwealth are necessary or proper parties, is because those officers reside at the capitol, and it would be very inconvenient to require their attendance in different parts of the state to defend suits against them.
The court is therefore of opinion that the circuit court of the city of Richmond had jurisdiction to try and determine these causes, and that the demurrer for want of jurisdiction was properly overruled.
There is but one other question raised by the demurrer, and that is, whether the plaintiffs in these causes have asserted such a claim as will entitle them to get the benefit of the deposit made by this company with the treasurer of the state. This question depends upon the construction to be given to the statutes on this subject.
The provision of the statute relied upon by the appellants, as decisive of the question, is the 32d séction of chapter 36, Code of 1373, which is as follows: “If said company (i. e. a foreign insurance company) shall fail to pay any of its liabilities on said policies of insurance, according to the terms of the said policies, when the same shall have been adjusted between the parties in the *80 mode provided in the policies, if a mode is specified therein, or when the same shall have been ascertained any mode agreed upon by the parties, or by thejudgment, order or decree of a court having jurisdiction fljereo^ the treasurer shall, upon the application of the party to whom the debt is due, proceed to sell at auction such an amount of said bonds (required to be deposited unf|er the 28th section) as will pay the amount due,” &c.
• Now, it is argued with much ingenuity and force by the.learned counsellor the appellants, that under this section the deposit with the treasurer can only be subjected to claims which arise upon liabilities, according to the terms of the policies of insurance, after adjustment between the parties, or under judgment or decree of a court of competent jurisdiction. It is insisted, that am cording to the terms of the policies in the cases before us, the deposit with the treasurer can only be subjected to death losses, and to no other claim by those insured, inasmuch as the contract of the company is to pay in the event of death. There would be much force in this suggestion if the section relied on stood alone, though we think it by no means conclusive; for even under this section and those which follow, and independent of the amended act now to be referred to, under the general principles of equity, the plaintiffs’ demand might probably be maintained. But by an act approved April 4, 1877, the 32d section relied on was amended and re-enacted. In this act there is the following material amendment of section 32 above quoted: “And the holders and owners of all policies made in this state, shall have a lien on all bonds so deposited (with the treasurer) as aforesaid, for all amounts due them by said companies, under or in consequence of such policies for losses, equitable values, return premiums, or otherwise, and shall be entitled to be paid equally and ratably out of the proceeds of such bonds; and whenever any company depositing bonds *81 with the treasurer as aforesaid, shall have become in■solvent or bankrupt, or made any ass’gnment for the benefit of its creditors, then and in that case any ■of a policy made in this state, shall have the right to file a bill in the circuit court of the city of Richmond to enforce said lien for the benefit of holders of claims arising out of policies made in this state, and the treasurer shall be a party to such proceedings, and the fund shall in that case be distributed by the court.” ’•
Row, it will be noticed that while the original section 32, chapter 36, as found in the Code of 1873, limits the authority to sell the bonds deposited with the treasurer, to a liability incurred by the company, according to the terms of the policy when adjusted, or under a decree •or judgment of a court of competent jurisdiction, the amended act gives a lien on said bonds, for claims, under or in consequence of such policies, for losses, equitable values, return premiums or otherwise." It is true this act retains the language of the original act as to liabilities arising “ according to the terms of the policies,” but adds thereto the clause above quoted.
Row, the well recognized, safe and established rule of the construction of statutes is, that the intention of the law-giver, and the meaning of the law, are to be discovered and deduced from the whole and every part of a statute compared together. It is the most natural and genuine exposition of a statute to construe one part by another of the same statute; for that best expresses the meaning of the makers, and such construction is ex visceribus actus. And this construction of itself imports ex vi termini. Deems on Statutes, 698, 703; Fox's adm'r v. Commonwealth, 16 Gratt. 9.
Applying this rule of construction to the statutes before us, the court is of opinion that the claims asserted by the plaintiffs are such as, if established, may be paid *82 out of the bonds deposited by the Universal Life Insuranee Company with the treasurer of this commonwealth, such ratable and equitable proportions as the circuit court may properly determine.
The court is therefore of opinion that the decrees of sa^ circuit court overruling the demurrers to the plaintiffs bills respectively, be affirmed. In coming te conclusion the court does not intend to pass upon any question involved in the merits of the controversy. All we mean to decide is, that upon the admission, by the demurrer, of the insolvency of the company, the court did not err in overruling the demurrers.
Decree affirmed.